# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### STATESVILLE DIVISION
### CRIMINAL NO. 5:11CR73-V

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **vs.** | ) | **O R D E R** |
| | ) | |
| **BOBBIE JO COMBS,** | ) | |
| **Defendant.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant's "Notice Of Appeal & Motion To Revoke Detention Order," filed December 23, 2011. (Document #57)

Defendant's original detention hearing was held on December 14, 2011, before United States Magistrate Judge David S. Cayer. At the conclusion of that hearing, Defendant was ordered detained. The Magistrate Judge noted: "Defendant is on intensive probation in state court. State probation officer located numerous marijuana pipes and materials to cook meth in residence she shares with her husband (co-defendant here). FBI informs probation officer that she has attempted to purchase firearms." (Document #33) The Magistrate Judge ultimately determined that Defendant was unable to rebut the statutory presumption of detention. *See* 18 U.S.C. §3145(b).

This Court reviews *de novo* the magistrate judge's detention order. 18 U.S.C. §3145(b); *United States v. Clark*, 865 F.2d 1433, 1436 (4th Cir. 1989) *(citing United States v. Williams*, 753 F.2d 329, 333 (4th Cir. 1985)). The Court has reviewed the entire criminal record, including the recording of the original detention hearing and the original Pretrial Services Report, which recommended detention.

The Defendant is charged with conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 846, posssssion with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b), and possession of materials to make

methamphetamine in violation of 21 U.S.C. § 843(a) and (d).  Because the Grand Jury found that

probable cause exists that Defendant committed an offense for which a maximum term of

imprisonment of ten (10) years or more is prescribed, a rebuttable presumption arises that no

condition or combination of conditions will reasonably assure the appearance of the person as

required and the safety of the community.  18 U.S.C. § 3142(e).

In determining whether there are conditions of release that will reasonably assure the

appearance of the Defendant and the safety of other persons and the community, the Court considers

all evidence regarding:

(1) the nature and circumstances of the offense charged (including whether the offense is a crime of violence or involves a controlled substance);
(2) the weight of the evidence against the person;
(3) the history and characteristics of the person, including —
(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearances at court proceedings; and
(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . . .

18 U.S.C. § 3142(g).

 Upon review of these factors, the Court agrees that bond is not appropriate.  The nature and

circumstances of the offenses charged (*i.e.*, the possession, distribution and / or manufacturing of

a narcotic drug in the defendant's home and in the vicinity of young children) indicate a certain

recklessness and disregard for the safety of self and others.  In addition, the weight of the evidence

is strong in light of the quantity of methamphetamine and other contraband found in Defendant's

home.  Significantly, Defendant was charged with the instant federal offenses while already subject

to "intensive" state supervision and while facing a suspended sentence for 120 days confinement. In other words, Defendant's prior criminal history tends to show that she has been altogether undeterred by court intervention. Finally, although counsel contends that Defendant has been substance-free for a period of time, Defendant was in state custody and had no opportunity to use methamphetamine for approximately seven of the last twelve months. Defendant has not rebutted the presumption in this case, particularly with respect to safety.

Taking all of the factors into consideration, the Court finds that no condition or combination of conditions of bond will reasonably assure the appearance of the Defendant and the safety of other persons and the community.

**IT IS, THEREFORE, ORDERED** that Defendant's Notice Of Appeal & Motion To Revoke Detention Order of December 14, 2011, is hereby **DENIED**. Defendant shall remain in custody pending adjudication.

**IT IS FURTHER ORDERED** that Defendant's request for a hearing is **DENIED as moot**.

Signed: December 30, 2011

Richard L. Voorhees
United States District Judge