IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:11CR73-RLV-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>(7) BRENDA WYATT TRIPLETT )<br>a/k/a KANDY COMBS, )<br>)<br>Defendant. )<br>_____) | **ORDER** |

**THIS MATTER** is before the Court on the Defendant's "Motion to Reconsider Order to Continue and Motion to Sever and for Speedy Trial," Doc. 318, filed October 1, 2012 and "United States of America's Response to Defendant (7) Brenda Wyatt Triplett's Motion to Reconsider Order and Motion to Sever and for Speedy Trial," Doc. 321, filed October 11, 2012.

Having fully considered the arguments, the record, and the applicable authority, the Court finds that Defendant's "Motion to Reconsider Order to Continue and Motion to Sever and for Speedy Trial," should be **DENIED**, as discussed below.[1]

## I. FACTS

On November 16, 2011, the Grand Jury returned a Bill of Indictment charging Defendant, along with sixteen others, with various offenses involving a large-scale methamphetamine conspiracy in the Western District of North Carolina and elsewhere. Defendant was charged in Counts 1 (along with all other Defendants); 2 (along with all other Defendants); 11; and 12.

On December 9, 2011, Defendant made her initial appearance. On December 14, 2011,

---

[1]The undersigned does not rule on the Motion to Reconsider the District Court's Orders granting Motions to Continue Docket Call/Trial. Docs. 310, 311 and 312. This is reserved for the District Judge.

1

Defendant was arraigned and ordered detained. Pursuant to the Scheduling Order entered in the case, docket call was set for January 9, 2012. After several Motions to Continue were filed, the Court continued docket call until March 5, 2012. At the time the case was continued, only six of the seventeen Defendants had appeared. On February 14, 2012, the Court granted a Motion to Continue and reset docket call for May 7, 2012. Four additional Defendants had made their initial appearances by that time.

On April 12, 2012, Defendant moved to continue the trial date. The Motion was granted that same day, continuing docket call until July 9, 2012. On June 15, 2012, Defendant again moved to continue the trial date. This Motion was granted on June 19, 2012. Docket call was reset for September 10, 2012.

On June 19, 2012, the Grand Jury returned a First Superseding Indictment, charging the five remaining original Defendants as well as fifteen more individuals in Counts One (Conspiracy to Distribute, Possess with the Intent to Distribute and Manufacture Methamphetamine) and Two (Possession of Pseudoephedrine). Defendant was also charged in Counts 9 (Maintaining a Drug Involved Premises); 10 (Possession of Materials to Make Methamphetamine); and 16 (Endangering Human Life While Manufacturing Methamphetamine). All charges contained in the First Superseding Indictment relate to the methamphetamine conspiracy. Beginning on July 11, 2012 and continuing until August 15, 2012, the "new" Defendants made their initial appearances.

In August of 2012, several Motions to Continue were filed. On August 17, 2012, the Court continued the case and reset docket call for November 5, 2012. Thereafter, an additional fugitive Defendant (Joseph Wood) was located and made his initial appearance on September 4, 2012.

Beginning on September 26, 2012, several Motions to Continue were filed by Defendants "new" to the case. On September 27, 2012, the Court granted a continuance and reset docket call

for January 7, 2013.

On October 1, 2012, Defendant filed the instant Motion.

## II. MOTION FOR SPEEDY TRIAL

The Speedy Trial Act requires that the trial of a defendant who has been charged by indictment shall commence within seventy days of either (1) the filing date of the indictment or (2) the defendant's first arraignment before the court, whichever occurs later. See 18 U.S.C. § 3161(c)(1); see also United States v. Osteen, 254 F.3d 521, 525 (4th Cir.2001). However, this period may be tolled. See United States v. Hopkins, 310 F.3d 145, 149 (4th Cir.2002). For example, the seventy-day time period is tolled following a defendant's filing of a pre-trial motion, 18 U.S.C. § 3161(h)(1)(D), or if the court grants a continuance in order to serve "the ends of justice." 18 U.S.C. § 3161(h)(7)(A). For purposes of the Speedy Trial Act, trial normally commences with the voir dire of the jury.

In granting the most recent continuance, District Judge Richard L. Voorhees found that

> [T]he Defendants' cases are "joined for trial with a co-defendant as to whom the time for trial has not run and no motion for severance has been granted," 18 U.S.C. § 3161(h)(7), and that failure to continue this matter would result in a miscarriage of justice. 18 U.S.C. § 3161(h)(8)(B)(i). The Court further finds that the ends of justice served by taking such action outweigh the best interest of the public and the Defendants to a speedy trial.

Doc. 311. The District Judge found that this continuance was reasonable and granted to serve the ends of justice. Thus, it does not violate the Speedy Trial Act.

"A criminal defendant's right under the [Speedy Trial] Act is separate and distinct from his Sixth Amendment right to a speedy trial." United States v. Thomas, 305 F. App'x. 960, 963 (4th Cir. 2009). "Analysis of a Sixth Amendment speedy trial claim is governed by the Supreme Court's holding in Barker [v. Wingo], which sets forth four factors to determine whether the right has been

3

violated: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right to a speedy trial; and (4) the extent of prejudice to the defendant." Id. (citing Barker v. Wingo, 407 U.S. 514, 530 (1972)).

Defendant has previously moved for a continuance on two occasions and has not demonstrated how an additional two-month delay will prejudice her. Several of her co-Defendants have not had the time to review discovery that Ms. Triplett has been afforded. Any potential prejudice the two-month delay might bring to Defendant is outweighed by the need of newly-appointed counsel to prepare and review the voluminous discovery in the case. Based on these factors, the Court does not find that Defendant's Sixth Amendment right to a speedy trial has been violated.

### III. MOTION TO SEVER

Federal Rule of Criminal Procedure 8(b) provides:

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Thus, "[t]he test for joinder under Rule 8(b) is whether the defendants 'are alleged to have participated in the same act or transaction or in the same series of acts or transactions.'" United States v. Santoni, 585 F.2d 667, 673 (4th Cir. 1978) (quoting Fed. R. Crim. P. 8(b)). In those instances "[w]here the defendants' acts are part of a series of acts or transactions, it is not necessary that each defendant be charged in each count, nor to show that each defendant participated in every act or transaction in the series." Id. In this case, Defendant is charged with participating in a conspiracy. Therefore, the Court finds that joinder is proper.

Federal Rule of Criminal Procedure 14(a) provides:

4

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

"In deciding whether to grant a Rule 14 motion, the district court is given broad discretion in weighing the inconvenience and expense to the government and witnesses in conducting separate trials against the prejudice to the defendants caused by a joint trial." United States v. Smith, 44 F.3d 1259, 1266-7 (4th Cir. 1995). "The district court's decision to grant or deny a motion for severance will be overturned only for a clear abuse of discretion. Such an abuse of discretion will be found only where the trial court's decision to deny a severance deprives the defendants of a fair trial and results in a miscarriage of justice." United States v. Rusher, 966 F.2d 868, 878 (4th Cir. 1992) (quotation omitted). It is the defendant's burden to show "that a joint trial would be so unfairly prejudicial that a miscarriage of justice would result." United States v. Williams, 10 F.3d 1070, 1079-80 (4th Cir. 1993).

The Supreme Court has held that "[t]here is a preference in the federal system for joint trials of defendants who are indicted together." Zafiro v. United States, 506 U.S. 534, 537 (1993). There are several reasons for this preference. Joint trials "serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." Id. Joint trials also promote "economy and efficiency" and help the Court and litigants "avoid a multiplicity of trials." Id. at 540. The Fourth Circuit recently reiterated, "[w]e adhere to the general principle that when defendants are indicted together, they should be tried together." United States v. Dinkins, 2012 WL 3292417, _ F.3d _ (4th Cir. Aug. 14, 2012).

The preference for joint trials is particularly strong in conspiracy cases. "[J]oinder is highly favored in conspiracy cases, over and above the general disposition [supporting] joinder for reasons

5

of efficiency and judicial economy." Id. (quoting United States v. Tedder, 801 F.2d 1437, 1450 (4th Cir. 1986)) (alterations in original). This is because, as the Fourth Circuit explains, "[t]he gravamen of conspiracy is that each conspirator is fully liable for the acts of all co-conspirators in furtherance of the conspiracy." Tedder, 801 F.2d at 1450.

Defendant has failed to meet the burden of showing that a miscarriage of justice would result from a joint trial. The Fourth Circuit has been clear that "[s]peculative allegations as to possible prejudice do not meet the burden of showing an abuse of discretion in denying a motion for severance." United States v. Becker, 585 F.2d 703, 707 (4th Cir. 1978).

For the foregoing reasons, the Court **DENIES** Defendant's "Motion to Reconsider Order to Continue and Motion to Sever and for Speedy Trial."

The Clerk is directed to send copies of this Order to counsel for the parties; and to the Honorable Richard L. Voorhees.

**SO ORDERED.**

Signed: October 17, 2012

David S. Cayer
United States Magistrate Judge